United States Court of Appeals

For the Eighth Circuit

_____

No. 23-2577
_____

United States of America

*Plaintiff - Appellee*

v.

Rodrigo Castillo

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of Nebraska - Omaha
_____

Submitted: April 8, 2024
Filed: September 20, 2024
_____

Before LOKEN, SHEPHERD, and KOBES, Circuit Judges.
_____

LOKEN, Circuit Judge.

Rodrigo Castillo pleaded guilty to conspiracy to distribute and possess with intent to distribute 500 grams or more of methamphetamine. Adopting the Presentence Investigation Report ("PSR"), the district court[1] determined without

---

[1]The Honorable Brian C. Buescher, United States District Judge for the District of Nebraska.

objection that Castillo's advisory guidelines sentencing range is 135 to 168 months imprisonment. The court imposed a within-range sentence of 140 months followed by five years of supervised release and subsequently sentenced Castillo's co-defendant, Roberto Nava, to 120 months imprisonment. Castillo appeals his sentence, arguing the district court failed to consider that the 20-month difference between the two co-defendants' sentences creates an unwarranted sentencing disparity, rendering his sentence procedurally and substantively unreasonable. We affirm.

## I.

The October 2021 indictment charged Castillo and Nava in seven counts with violations of 21 U.S.C. §§ 841(a)(1), (b)(1), and 846 -- one count of conspiracy to distribute over 500 grams of a methamphetamine mixture (Count I), four counts of distributing over 50 grams, and two counts of distributing over 500 grams, plus a forfeiture allegation against Nava under 21 U.S.C. § 853.

On March 30, 2023, Castillo entered a plea of guilty to the Count I conspiracy offense without a plea agreement. The government had made a plea offer, which Castillo discussed with counsel. As counsel explained at the change-of-plea hearing, Castillo agreed to plead without a plea agreement to "keep all of our options," including the right to appeal, if the government argued that Castillo "is not eligible for safety valve" or that the guidelines range should be based on actual rather than a mixture of methamphetamine. The district court accepted Castillo's plea and scheduled his sentencing for June 28.

In April 2023, Nava entered into a binding plea agreement under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure in which he agreed to plead guilty to Count I and the parties agreed to a 120-month sentence, the mandatory minimum for this offense. Nava agreed to forfeit $42,000 and to waive his rights to appeal and to file post-conviction motions.

Prior to Castillo's sentencing, the United States Probation Office published his PSR, recommending that Castillo be held responsible for 1,256.14 grams of actual methamphetamine and 403 grams of a methamphetamine mixture, resulting in a base offense level of 34. See USSG §§ 2D1.1(a)(5), (c)(3). The PSR applied a two-level increase because "the offense involved the importation of amphetamine or methamphetamine," § 2D1.1(b)(5), and a three-level reduction for acceptance of responsibility. The total offense level of 33 and Castillo's criminal history Category I produced an advisory guidelines range of 135 to 168 months imprisonment.

Prior to sentencing, Castillo objected to the PSR's base offense level calculation, arguing the entire drug quantity should be treated as a methamphetamine mixture, and to the two-level increase under § 2D1.1(b)(5). He also moved for a downward variance based on co-defendant Nava's anticipated 120-month sentence to "avoid sentencing disparities," and asked the court to impose the mandatory minimum 120-month sentence. He did not object to any PSR fact allegation.

At the June 28 sentencing hearing, defense counsel withdrew the objection to the PSR base offense level calculation, and the objection to the § 2D1.1(b)(5) enhancement, based on contrary District of Nebraska and Eighth Circuit authority. After hearing argument from both parties, the district court denied Castillo's motion for a downward variance:

> I'm going to deny the defendant's motion for a downward variance because a downward variance would be inappropriate in this case. The defendant was involved in distributing a significant amount of methamphetamine in Nebraska, because the seriousness of the offense warrants a within the guideline sentence. I'm also unpersuaded by the defendant's argument as to the sentencing disparities . . . . I am simply not bound to give the same sentence because one defendant entered into a 11(c)(1)(C) plea agreement for 120 months.

The court then noted, "the way I read the documents [this] defendant is being held responsible for 25,928.8 kilograms of converted drug weight while the other co-defendant is being held responsible for 21,048 kilograms of converted drug weight." The court further noted, "the other defendant had put together a (c)(1)(C) agreement that provided him some certainty and he gets a benefit for . . . that as well."

The court sentenced Castillo to a within-range sentence of 140 months imprisonment followed by a five-year term of supervised release. On July 6, 2023, one week after Castillo's sentencing, the court accepted Nava's 11(c)(1)(C) plea agreement, making the agreed sentence binding on the court, and sentenced him to the agreed 120 months imprisonment followed by five years supervised of release.

## II.

On appeal, Castillo argues his sentence is procedurally and substantively unreasonable. "We review a district court's sentence in two steps: first, we review for significant procedural error; and second, if there is no significant procedural error, we review for substantive reasonableness." United States v. Arnold, 835 F.3d 833, 842 (8th Cir. 2016). We apply a deferential abuse-of-discretion standard when reviewing these sentencing issues. United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc).

Castillo argues the court procedurally erred by *failing to consider* one of the 18 U.S.C. § 3553(a) sentencing factors, "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." See § 3553(a)(6). We disagree. A district court "necessarily gives significant weight and consideration to the need to avoid unwarranted disparities" where, as here, it "correctly calculates and carefully reviews the Guidelines range." United States v. Beckman, 787 F.3d 466, 497 (8th Cir.) (cleaned up), cert. denied, 577 U.S. 867 (2015).

As we have explained, the district court at sentencing did not fail to consider the twenty-month difference in the sentence soon to be imposed on co-defendant Nava, or the similarities and differences in their offense conduct. Indeed, this subject dominated the discussion of an appropriate sentence. The court "specifically discussed the need to avoid unwarranted sentencing disparities, and even assumed that it was required to consider disparities among co-conspirators." United States v. Fry, 792 F.3d 884, 891 (8th Cir. 2015). Implicit in Castillo's argument is the assertion that § 3553(a)(6) *required* the court to avoid the specific unwarranted disparity he alleges. Our governing precedents are to the contrary.

We have repeatedly held that § 3553(a)(6) "refers to *national* disparities, not differences among co-conspirators." United States v. Baez, 983 F.3d 1029, 1044 (8th Cir. 2020), cert. denied, 141 S. Ct. 2744 (2021), quoting Fry, 792 F.3d at 892; see also United States v. Anthony, 829 F. App'x 737, 738 (8th Cir. 2020). This is not to say that disparities in the sentences imposed on co-conspirators are irrelevant, as the district court acknowledged in assessing the significance of Nava's 11(c)(1)(C) agreement and the differences in the two conspirators' conduct. But how these factors are weighed is not *mandated* by § 3553(a)(6), and the district court's conclusion is deferentially reviewed for abuse of discretion. Thus, there was no procedural error. The court provided far more explanation of its consideration of the disparity factor than was required. See United States v. Palkowitsch, 36 F.4th 796, 802 (8th Cir. 2022).

Castillo argues that the district court abused its discretion because his sentence is substantively unreasonable. "The district court abuses its discretion if it fails to consider a relevant factor which should have received significant weight; gives significant weight to an improper or irrelevant factor; or considers the appropriate factors but commits a clear error of judgment." United States v. Merrett, 8 F.4th 743, 751-52 (8th Cir. 2021) (quotation omitted). A within-guidelines sentence like Castillo's is afforded a presumption of reasonableness. Id. at 752.

"[R]elief based on a comparison to co-conspirators is an unusual circumstance where there must be both (1) an extreme disparity between similarly situated conspirators and (2) a consolidated appeal involving both conspirators that permits a remand for resentencing of both parties." Id. at 753 (quotations omitted). Here, as Nava's sentencing record is not before us, "we are not in a position to evaluate [Castillo's] claim of unwarranted disparities." United States v. Hill, 8 F.4th 757, 761 (8th Cir. 2021). "It is not an abuse of discretion for a district court to impose a sentence that results in a disparity between co-defendants when there are legitimate distinctions between the co-defendants." Arnold, 835 F.3d at 842-43 (quotation omitted). Here, the district court noted legitimate distinctions. Castillo's within-guidelines sentence of 140 months imprisonment is not substantively unreasonable.

The judgment of the district court is affirmed.

_____